Mrs. Charles WOOLEY et al., Petitioners,

v.

W. B. ARDERY, Judge of the 14th Judicial District of Kentucky, Respondent.

Court of Appeals of Kentucky.

Dec. 14, 1956.

Ben B. Fowler, Dailey & Fowler, Frankfort, for Marion County School Board.

Jesse K. Lewis, John C. Anggelis, Lexington, for petitioners.

WADDILL, Commissioner.

This proceeding is an outgrowth of our decision in Wooley v. Spalding, etc., Ky., 293 S.W.2d 563. The petitioners seek an order from this Court directing the respondent, as judge of the Fourteenth Judicial District, to enforce our opinion and mandate in the above cited case by entering a judgment in conformity therewith.

In reversing the judgment of the circuit court, we said:

"* * * The circuit court may consider all problems that may arise in effectuating good faith compliance with the court's order. During this period of transition, the circuit court will retain jurisdiction of the case."

Hence, our opinion permits the respondent to follow a procedure to effectuate the order of this Court. The record before us reveals that respondent has entered an order which directs the Board of Education of Marion County to submit, within 60 days, a specific plan to carry out the decision of this Court. The trial court undoubtedly intended this order as vacating the previous judgment which was reversed. We so regard it.

The respondent, according to directions of this Court, is requiring the Board of Education of Marion County to proceed with deliberate speed to formulate a plan to re-establish, as soon as practicable, a high school system that will afford all children in Marion County equal educational opportunities.

However, in order to resolve any further doubt concerning the character of the judgment that should be entered, we say that neither the opinion nor the mandate of this Court specifically directs the re-establishment of the high school at Bradfordville as the only solution of this problem.

Inasmuch as it appears that respondent is proceeding to execute the opinion and man-

date in question, we conclude that the petitioners are not entitled to the relief sought.

Wherefore, an order of mandamus is denied.